UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00439-FDW

| | | |
|---|---|---|
| MICHAEL HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| FNU DENNING, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on its own motion on review of the docket in this matter.

On September 5, 2019, pro se Plaintiff Michael Harris ("Plaintiff") filed a Complaint with this Court. [Doc. 1]. Plaintiff is an inmate of the State of North Carolina currently incarcerated at Maury Correctional Institution in Maury, North Carolina. Plaintiff filed his Complaint without paying the $400.00 filing fee and without filing an application to proceed without prepayment of fees. On September 9, 2019, the Clerk of Court sent Plaintiff a deficiency notice advising Plaintiff that he must file an application to proceed without prepayment of fees or pay the filing fee within 21 days. [Doc. 2]. The Clerk enclosed a copy of the application and advised the Plaintiff that his failure to comply may result in the dismissal of this action without prejudice for failure to prosecute. [Id.].

At this time, Plaintiff has failed to file the application to proceed without prepayment of fees or pay the filing fee. As such, the Court will dismiss Plaintiff's Complaint without prejudice to refile a complaint if he so chooses. From a brief review of Plaintiff's Complaint, it appears

Plaintiff purports to make several unrelated claims against ten different Defendants. Should Plaintiff file another complaint, complete with the filing fee or an application to proceed without prepayment of fees, he is placed on notice that he may not bring unrelated claims against unrelated parties in a single action. See FED. R. CIV. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). Plaintiff may only bring a claim against multiple defendants as long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. FED. R. CIV. P. 20(a)(2). See e.g., Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017) ("Plaintiff may not pursue allegations against multiple parties involving multiple claims in this action. For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants. These differing claims do not arise out of the same transaction or occurrence and do not share common questions of law or fact.").

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] is dismissed without prejudice for failure to prosecute.

2. The Clerk is instructed to terminate this action.

Signed: February 3, 2020

Frank D. Whitney
Chief United States District Judge